# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 05-CV-22866-GOLD
**Magistrate Judge Turnoff**

LEANNA COOPER, by and through
CYNTHIA MEIKLE, as Guardian
of the Person and the Property of
LEANNA COOPER,

        **Plaintiff,**

v.

ALPHA & OMEGA FACILITIES, INC.,
f/k/a ALPHA & OMEGA ALF, CORP.,
CITY OF HIALEAH, GABRIEL ARROJAS,
GABRIEL CASCO, RAMIRO DELNODAL,
RICARDO FERNANDEZ, ANNETTE QUINTANA
and LUIS SALAS,

        **Defendant.**



FILED by _____ D.C.

JAN 9 200...

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA., MIAMI

_____

## THIRD AMENDED COMPLAINT FOR DAMAGES AND
## DEMAND FOR JURY TRIAL

Plaintiff, The Estate of LEANNA COOPER, by and through CYNTHIA MEIKLE as

Guardian of the Person and the Property of LEANNA COOPER, sues the Defendants, ALPHA

& OMEGA FACILITIES, INC., f/k/a ALPHA & OMEGA ALF, CORP., ("ALPHA &

OMEGA");CITY OF HIALEAH (HIALEAH); GABRIEL ARROJAS; GABRIEL CASCO;

RAMIRO DELNODAL; RICARDO FERNANDEZ; ANNETTE QUINTANA and LUIS

SALAS, and alleges:

1

## GENERAL ALLEGATIONS

1.      This is an action for damages in excess of FIFTEEN THOUSAND AND 00/100

($15,000.00) DOLLARS.

2.      That at all times material, CYNTHIA MEIKLE has been appointed as Plenary Guardian

of the Person and the Property of LEANNA COOPER.

3.      The Defendant, ALPHA & OMEGA, was a "licensee" under Florida Statutes Chapter

400 authorized to operate an ALF under the name of ALPHA & OMEGA FACILITES, INC.,

f/k/a ALPHA & OMEGA ALF, CORP., in Miami-Dade County, Florida.

4.      The Plaintiff has retained the undersigned law firm to prosecute this claim against

ALPHA & OMEGA FACILITES, INC., f/k/a ALPHA & OMEGA ALF, CORP., under

Chapter 400 and is obligated to pay said firm's reasonable attorney's fees.

5.      Pursuant to Florida Statute Section 400.023(4) a good faith review has been conducted to

verify that there exists reason to believe that a deprivation or infringement of the rights occurred

during LEANNA COOPER'S stay at the Defendant ALPHA & OMEGA's facility, including,

but not limited to the following:

6.      ALPHA & OMEGA  was  negligent by :

a.              failing to ensure that the resident was appropriate for ALF residency.  The facility

                admitted and later retained an inappropriate psychiatric resident.  Mrs. Cooper

                had been exhibiting violent and aggressive behavior throughout her residency.

                She also ran out of medications on or about 4/1/03 which placed her at further

                risk of psychosis and compromised her safety;

b.              failing to provide Mrs. Cooper's medications as ordered.  There is no evidence

                that Mrs. Cooper received medications as ordered in March, April and May 2003.

2

The resident's physician, family, nor guardian were notified that she did not have psychiatric medication available;

c.      failing to have qualified staff on the premises to provide assistance and supervision to psychiatric residents.  According to the records, the facility cook was the staff member who witnessed Mrs. Cooper's behavior, intervened and called the police.  On 5/11/03, the police were called because the resident was violent and aggressive.  When police arrived, the ALF staff did not provide a correct history of the resident to include the fact that she had not been given her medications;

d.      failing to notify the resident's psychiatrist of changes in her mental status such as hallucinations, aggressive behavior and constant attempts at elopement so that other medications, treatment and services could have been provided;

e.      failing to provide assistance and supervision of self administered medications. The staff did not ensure that the resident received her medications as ordered.  On 4/1/03, the records state that the resident ran out of medications, yet there was no plan by the ALF to obtain medications for her.  Neither the psychiatrist, guardian, nor family members were informed of this problem.  There were no medication administration records for May 2003;

f.      failing to have knowledge of the resident's whereabouts.  Mrs. Cooper eloped from the ALF and staff had no idea where she was;

g.      failing to obtain the services of a psychiatric case manager in order to deal with

3

the resident's care and safety issues.  ALF staff did not seek the assistance of the nearest Community Mental Health Center;

h.        failing to provide the resident with the services stated in the facility contract.  Medications were not provided as ordered and staff failed to provide assistance and supervision of self administered medications.  There was a notation in the records that the resident was unable to obtain Mrs. Cooper's antipsychotic medication due to insurance co-payment issues, yet there was no attempt on the part of the facility to obtain the medication for her.

i.        failing to maintain an adequate and complete medical record.  There were discrepancies in the record between what is noted in  the police report and what was noted in the resident's record regarding the incident on 5/11/03;

j.        failing to provide adequate nutrition to another resident in the ALF.  A note in the record references that a resident that was complaining of hunger on a regular basis and would only be given coffee when she would complain of hunger after the evening meal.

7.        At all times material hereto LEANNA COOPER was unable to adequately provide for her own care or protection.

8.        LEANNA COOPER was resident at ALPHA & OMEGA between 12/11/02-5/11/03.

9.        At all times material the Defendant had a duty to provide and protect LEANNA COOPER'S resident's rights as delineated in Florida Statute Sections 400 and any regulations promulgated thereunder.

4

10.   At all times material, Defendant police officers GABRIEL ARROJAS, GABRIEL

      CASCO, RAMIRO DELNODAL, RICARDO FERNANDEZ, ANNETTE QUINTANA

      and LUIS SALAS, were duly appointed and acting as police officers for the CITY OF

      HIALEAH through its police department.

11.   At all times material, Defendant police officers ARROJAS, CASCO, DELNODAL,

      FERNANDEZ, QUINTANA and  SALAS, were acting under the color of their official

      capacity as police officers employed by the CITY OF HIALEAH. Defendant police

      officers ARROJAS, CASCO, DELNODAL, FERNANDEZ, QUINTANA and  SALAS,

      are persons within the meaning of 42 U.S.C.§ 1983.  The acts of Defendant police

      officers ARROJAS, CASCO, DELNODAL, FERNANDEZ, QUINTANA and  SALAS,

      were performed under the color of the law and they are being sued in their individual

      capacity.

12.   At all times material Defendant police officers ARROJAS, CASCO, DELNODAL,

      FERNANDEZ, QUINTANA and  SALAS, were servants, agents, and employees of

      Defendant, CITY OF HIALEAH, so that their acts and/or omissions are imputed to the

      municipality. Defendant police officers ARROJAS, CASCO, DELNODAL,

      FERNANDEZ, QUINTANA and  SALAS, were acting pursuant to specific orders and

      directives from the municipality that provided each of them with a service firearm, and

      official badge and identification cards which designated and described the bearer as

      superintendent or police officer of the CITY OF HIALEAH through its police

      department.

                                          5

13.   At all times material Defendant police officers ARROJAS, CASCO, DELNODAL, FERNANDEZ, QUINTANA and SALAS, separately and in concert, acted under the color and pretense of the law, to wit: under color of the statutes, ordinances, regulations, customs and usage of the CITY OF HIALEAH. Defendant police officers ARROJAS, CASCO, DELNODAL, FERNANDEZ, QUINTANA and SALAS, separately and in concert engaged in the illegal conduct mentioned herein, thereby recklessly, with deliberate and callous disregard for LEANNA COOPER's rights, proximately causing her injuries and depriving LEANNA COOPER of the rights, privileges and immunities to which she is entitled by the United States Constitution, United States Code, and Florida law as set forth herein.

14.   At all times material, Defendant, CITY OF HIALEAH, was and is a municipal corporation and political subdivision of the State of Florida that operates, manages, directs and controls the CITY OF HIALEAH Police Department, which employs the Defendant police officers. The CITY OF HIALEAH is a party subject to action and suit within the meaning of 42 U.S.C. § 1983.

15.   At all times material, in order to not create a foreseeable risk of danger to individuals such as LEANNA COOPER and the general public, the CITY OF HIALEAH had in place formal protocols, procedures and measure for the proper use of force when apprehending, arresting and otherwise interfacing with psychiatric and/or mentally and psychologically ill citizens.

16.   Despite the CITY OF HIALEAH having a police training program in place that includes

6

policies, protocols and procedures for the proper use of force when apprehending, arresting or otherwise interfacing with psychiatric and/or mentally and psychologically ill citizens, adherence to the policies, protocol or procedures was never undertaken by the CITY OF HIALEAH or the Defendant police Officers.

17. Defendant police officer DELNODAL, had a history of being investigated and disciplined for improprieties as a law enforcement officer, including violations that led to his suspension by the CITY OF HIALEAH in 1997 and the interim termination of his employment in March and August 2000.

18. Police officer DELNODAL's prior improprieties include "official misconduct", "perjury in an official proceeding", "failure to report violations of law, ordinances, rules or orders" and "conduct unbecoming".

19. Despite successive interim terminations of police officer DELNODAL's employment by the CITY OF HIALEAH, at the recommendation of the Hialeah Police Chief, police officer DELNODAL was reinstated and continued to operate as a fully weaponised police officer in the field.

20. At all times material, in order to not create a foreseeable risk of danger to individuals such as LEANNA COOPER and the general public, the CITY OF HIALEAH had in place formal protocols, procedures, and measures for sanctioning and/or taking remedial action to prevent persistent misconduct by Hialeah police officers.

21. Despite various safe employment options available to the CITY OF HIALEAH, without returning police officer DELNODAL to the field to interact with the general public, the

7

CITY OF HIALEAH failed to take appropriate action which created a foreseeable risk to the general public and proximately resulted in injuries sustained by LEANNA COOPER.

22.     On or about May 11, 2003, Defendant police Officers ARROJAS, CASCO, DELNODAL, FERNANDEZ, QUINTANA and  SALAS, were dispatched to Alpha & Omega, an assisted facility, located at 410 East 24th Street, Hialeah, Florida.

23.     After their arrival at Alpha & Omega, Defendant police officers ARROJAS, CASCO, DELNODAL, FERNANDEZ, QUINTANA and  SALAS, encountered LEANNA COOPER, a resident with a psychiatric history, including hallucinations.

24.     Subsequent to their encounter with LEANNA COOPER, Defendant police officers ARROJAS, CASCO, DELNODAL, FERNANDEZ, QUINTANA and  SALAS, knowingly and maliciously acted with reckless and deliberate disregard for LEANNA COOPER's Fourth Amendment rights by unlawfully striking and beating her without any justification, causing injuries to her right eye.

25.     As a result of LEANNA COOPER being unjustifiably and unlawfully struck and beaten by CITY OF HIALEAH police officers, she suffered severe personal injuries, bruising, a ruptured left globe and corneal laceration to her left eye.

26.     All conditions precedent to the filing of this lawsuit have either been satisfied, performed, excused, waived or have otherwise occurred.

8

## COUNT I

### DEPRIVATION OF RIGHTS CLAIM
### UNDER FLORIDA STATUTE 400 AGAINST
### ALPHA & OMEGA

27.   The facts and allegations stated above in paragraphs 1-26 are hereby realleged and

incorporated herewith by reference as though fully set forth herein.

28.   At all times material, the Defendant, ALPHA & OMEGA  had a statutorily mandated

duty and responsibility to provide LEANNA COOPER with her resident's rights as set

forth in Florida Statutes Section 400.028, and any regulations promulgated thereunder,

including Florida Administrative Code Title 59A-4,  which duty and responsibility

included the following:

(a)  providing adequate and appropriate assistance and supervision with activities of daily

living to LEANNA COOPER;

(b)  protecting LEANNA COOPER from and preventing mental and physical abuse of

LEANNA COOPER;

(c) providing and treating LEANNA COOPER with consideration and respect

and with due recognition of personal dignity;

(d)  complying with regulations for the operation of ALF's promulgated by the

Department of Health and Rehabilitative Services and contained in the Florida

Administrative Code 59A-4;

(e)  providing prompt notification to the physicians and family of the resident of

significant changes in LEANNA COOPER's health status;

9

(f)  providing prompt reporting and documentation of accidents and/or unusual incidents involving LEANNA COOPER;

(g)  maintaining medical records which contain sufficient information to justify the diagnosis and treatment of LEANNA COOPER and to document the results, including at a minimum, documented evidence of assessments of  LEANNA COOPER.

29.    ALPHA & OMEGA's duties and responsibilities to LEANNA COOPER as outlined in Florida Statutes Section 400.028 and the Florida Administrative Code are non-delegable.

30.    At all times material ALPHA & OMEGA violated LEANNA COOPER's statutorily protected ALF residents' rights by:

    (a)    failing to provide adequate and appropriate assistance and supervision of activities of daily living;

    (b)    failing to protect against mental and physical abuse;

    (c)    failing to maintain medical records which contain sufficient information to justify the diagnosis and treatment, and  failing to document the results, including at a minimum documented evidence of assessments of the needs of the resident;

    (d)    Negligent hiring and/or retention of the people who provided care and services at the ALF;

    (e)    Causing the injuries and damages to LEANNA COOPER as set forth in paragraphs five and six above.

FREIDIN & DOBRINSKY, P.A., *One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131, Phone: 305.371.3666, Fax: 305.371.6725*

31.     The duties and responsibilities of the Defendants alleged in Paragraph 11 above

include proper training and supervision; proper hiring, background and referral checks;

proper retaining and dismissing of employees, agents, consultants and independent

contractors; and adequate and sufficient staff to assist, supervise and supervise assisted

living facility care services to residents, including LEANNA COOPER.

32.     As a direct and proximate result of these violations LEANNA COOPER

suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental

anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical

and nursing care and treatment, and aggravation of a previously existing condition.  The

losses are permanent or continuing in nature.

WHEREFORE, Plaintiff demands compensatory damages, costs, and trial by jury.

## COUNT II

### NEGLIGENCE CLAIM UNDER FLORIDA STATUTE 400 AGAINST ALPHA & OMEGA

33.     The facts and allegations stated above in paragraphs 1-26 are hereby realleged and

incorporated herewith by reference as though fully set forth herein.

34.     At all times material, the Defendant, ALPHA & OMEGA  had a statutorily mandated

duty and responsibility to provide LEANNA COOPER with her resident's rights as set

forth in Florida Statutes Section 400.028, and any regulations promulgated thereunder,

including Florida Administrative Code Title 59A-4,  which duty and responsibility

included the following:

11

(a)  providing adequate and appropriate assistance and supervision with activities of daily living to LEANNA COOPER;

(b)  protecting LEANNA COOPER from and preventing mental and physical abuse of LEANNA COOPER;

(c)  providing and treating LEANNA COOPER with consideration and respect and with due recognition of personal dignity;

(d)  complying with regulations for the operation of ALFs promulgated by the Department of Health and Rehabilitative Services and contained in the Florida Administrative Code 59A-3;

(e)  providing prompt notification to the physicians and family of the resident of significant changes in LEANNA COOPER's health status;

(f)  providing sufficient staff to assist, supervise and provide ALF care services to LEANNA COOPER;

(g)  providing prompt reporting and documentation of accidents and/or unusual incidents involving LEANNA COOPER;

(h)  maintaining medical records which contain sufficient information to justify the diagnosis and treatment of LEANNA COOPER and to document the results.

35.   ALPHA & OMEGA' duties and responsibilities to LEANNA COOPER as outlined in Florida Statutes Section 400.028 and the Florida Administrative Code are non-delegable.

36.   At all times material ALPHA & OMEGA violated LEANNA COOPER's statutorily protected ALF residents' rights by:

12

(a) failing to provide adequate and appropriate assistance and supervision with activities of daily living

(b) failing to protect against mental and physical abuse;

(c) failing to maintain medical records which contain sufficient information to justify the diagnosis and treatment, and  failing to document the results;

(d) Negligent hiring and/or retention of the people who provided care and services at the ALF;

(e) Causing the injuries and damages to LEANNA COOPER as set forth in paragraphs five and six above.

37. The duties and responsibilities of the Defendants alleged in Paragraph 13 above include proper training and supervision; proper hiring, background and referral checks; proper retaining and dismissing of employees, agents, consultants and independent contractors; and adequate and sufficient staff to assist, supervise and provide ALF services to residents, including LEANNA COOPER.

38. As a direct and proximate result of these violations LEANNA COOPER suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.  The losses are permanent or continuing in nature.

WHEREFORE, Plaintiff demands compensatory damages, costs and a trial by jury.

13

## COUNT III

### VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS
### EXCESSIVE USE OF FORCE CLAIM AGAINST THE CITY OF HIALEAH

39.     The facts and allegations stated above in paragraphs 1-26 are hereby realleged and incorporated herewith by reference as though fully set forth herein.

40.     This is a statutory cause of action based upon Title 42 U.S.C. § 1983 alleging violations of LEANNA COOPER'S rights under the Fourth Amendment to be free from excessive force and unreasonable searches and seizures and rights to due process afforded by the Fourteenth Amendment.

41.     At all times material to this action, the CITY OF HIALEAH owed a duty of care and preservation of safety to the welfare of the general public and individuals such as LEANNA COOPER, including the preservation of those rights afforded by the United States Constitution.

42.     Defendant, CITY OF HIALEAH, was aware that police officer DELNODAL had a history of misconduct as a law enforcement officer, including, without limitation, official misconduct, perjury, failure to report violations of law, while employed as a police officer for the CITY OF HIALEAH. As such, Defendant, CITY OF HIALEAH, knew or should have known, through diligent exercise of their official duties, that police Officer DELNODAL was unqualified to serve as a police officer in the field inasmuch as the CITY OF HIALEAH, through actions and/or omissions, knowingly and with deliberate indifference to the safety of the general public and LEANNA COOPER allowed police

14

Officer DELNODAL to continue to operate as a field officer, thereby creating a foreseeable risk and breach of duty of care to the safety of the general public and LEANNA COOPER, proximately resulting in LEANNA COOPER's injuries and depriving her of her constitutional rights through the use of objectively unreasonable, excessive force. Any reasonable person would have known or foreseen that such risk to the public safety could have resulted in serious injury, as transpired with respect to LEANNA COOPER.

43.   Defendant, CITY OF HIALEAH, has a formal training policy and program in place to train the City's police officers in the proper use of force when apprehending, arresting or interfacing with psychiatric and/or mentally ill and psychologically ill citizens, and knew or should have known, through diligent exercise of their official duties, that police officer DELNODAL and the Defendant police officers were not properly trained in the aforesaid policies, and recklessly and with deliberate indifference to the safety of the general public and LEANNA COOPER.

44.   Defendant, CITY OF HIALEAH, knew or should have known, through diligent exercise of its official duties, that disparate, inconsistent and/or improper training existed among the City's police officers in the proper and lawful methods of arresting psychiatric and/or mentally and psychologically ill citizens and suspects and/or arrest arrestees, proper and lawful method of using force, the proper and lawful method of seizing a person during arrest, the constitutional rights to due process of an arrestee while in custody, Defendant, CITY OF HIALEAH, through actions and/or omissions, knowingly and with deliberate

15

indifference to the safety of the general public and LEANNA COOPER, failed to implement and/or enforce departmental procedure, policies, control and/or training to ensure that such disparate inconsistent or improper training would not exist among its police officers so as to create a foreseeable risk, a consequential breach of the duty of care and safety owed to the general public and LEANNA COOPER's injuries.

45. Defendant, CITY OF HIALEAH, knew or should have known of prior police misconduct within the police department and had a duty of care, responsibility and control to implement, enforce and/or exhaust procedural options and/or policies in the best interests of the public in order to prevent such police misconduct that would create a foreseeable risk as described herein. Defendant, CITY OF HIALEAH, recklessly and with deliberate indifference to the safety of the general public, which includes LEANNA COOPER, failed to implement such policies and procedures which proximately caused injuries to LEANNA COOPER, and thereby also created a de facto custom, which in effect ratified, condoned and allowed misconduct within the CITY OF HIALEAH police department.

46. Subsequent to the unlawful beating of LEANNA COOPER, Defendant, CITY OF HIALEAH, had a duty of care and responsibility to impose the City's official remedial and/or disciplinary action, policies and procedures, to ensure that the police officers within their control, acting under the color of the law, would not ever be in a position or capacity to deprive anyone of their constitutional rights nor create a foreseeable risk to the safety of the general public. Defendant, CITY OF HIALEAH, recklessly, with deliberate indifference to the safety of the general public, failed to take said action,

16

thereby reinforcing such de facto custom which ratifies, condones or allows misconduct within the City's police department.

47.     As a direct and proximate result of the reckless and deliberately indifferent acts and/or omissions of Defendant, CITY OF HIALEAH, the decedent, LEANNA COOPER was wrongfully and illegally beaten, struck, battered and assaulted, resulting in the permanent injuries to LEANNA COOPER.

WHEREFORE, based upon the foregoing, the Plaintiff prays for the following relief: (1) declaratory judgment that the policies, customs, practices, and acts and/or omissions complained of herein are illegal and unconstitutional; (2) judgment against Defendant, CITY OF HIALEAH, for compensatory damages together with costs including pre- and post-judgement interest for all losses; (3) reasonable attorneys' fees and (4) such further and proper relief that the Court deems appropriate, and demands a trial by jury of all issues so triable of right.

## COUNT IV

**VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS**
**EXCESSIVE USE OF FORCE CLAIMS AGAINST HIALEAH POLICE OFFICERS**
**ARROJAS, CASCO, DELNODAL, FERNANDEZ, QUINTANA and SALAS,**

48.     The facts and allegations stated above in paragraphs 1-26 are hereby realleged and incorporated herewith by reference as though fully set forth herein.

49.     This is a statutory cause of action based upon Title 42 U.S.C. § 1983 alleging violations of LEANNA COOPER's rights under the Fourth Amendment to be free from excessive

FREIDIN & DOBRINSKY, P.A.. *One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131. Phone: 305.371.3666, Fax: 305.371.6725*

force and unreasonable searches and seizures, and rights to due process afforded by the Fourteenth Amendment.

50.     Defendant police officers ARROJAS, CASCO, DELNODAL, FERNANDEZ, QUINTANA and SALAS, knew or should have known proper departmental protocols, policies and procedures with regards to the proper and lawful methods of arresting psychiatric and/or mentally and psychologically ill citizens, suspects and/or arrestees proper and lawful method of using force, the proper and lawful method of seizing a person during arrest, and the constitutional rights to due process of an arrestee while in custody.  Defendant police officers ARROJAS, CASCO, DELNODAL, FERNANDEZ, QUINTANA and  SALAS, recklessly, with deliberate disregard for the safety of the general public and LEANNA COOPER, failed to follow such protocols, policies and/or procedure, thereby creating a foreseeable zone of risk and consequential breach of the duty of care owed to the general public, and to LEANNA COOPER, while depriving her of the rights afforded to her by the United States Constitution. As a direct and proximate result of actions and/or omissions of police Officers ARROJAS, CASCO, DELNODAL, FERNANDEZ, QUINTANA and  SALAS, LEANNA COOPER was wrongfully and illegally beaten, struck, battered and assaulted through the use of objectively unreasonable and excessive force requiring her to undergo immediate surgery to her eye.

51.     As a direct and proximate result of the reckless and deliberate indifference exhibited per the acts and omissions of Defendant police officers ARROJAS, CASCO, DELNODAL, FERNANDEZ, QUINTANA and  SALAS, LEANNA COOPER was wrongfully and

illegally beaten, struck, battered and assaulted through the use of unreasonable and excessive force requiring her to undergo immediate eye surgery resulting in economic losses, loss of enjoyment of life, pain and suffering.

WHEREFORE, based upon the foregoing, the Plaintiff prays for the following relief: (1) declaratory judgment that the policies, customs, practices, and acts and/or omissions complained of herein are illegal and unconstitutional; (2) judgment against Defendant, CITY OF HIALEAH, for compensatory damages together with costs including pre- and post-judgement interest for all losses; (3) reasonable attorneys' fees and (4) such further and proper relief that the Court deems appropriate, and demands a trial by jury of all issues so triable of right.

## COUNT V

### BATTERY CLAIM AGAINST
### OFFICER GABRIEL ARROJAS

52.   The facts and allegations stated above in paragraphs 1-26 are hereby realleged and incorporated herewith by reference as though fully set forth herein.

53.   On or about May 11, 2003, Defendant police officer ARROJAS intentionally, without any justification, unlawfully struck, beat, and physically attacked LEANNA COOPER.

54.   As a direct and proximate result of the battery of Defendant police officer ARROJAS, LEANNA COOPER suffered severe personal injuries, bruising, a ruptured left globe and a corneal laceration to her left eye.  Further, LEANNA COOPER lost the capacity for the enjoyment of life, suffered physical pain and extreme mental anguish, became weak and

19

incapacitated and incurred medical expenses which she paid or was obligated to pay.

WHEREFORE, Plaintiff, LEANNA COOPER, demands judgment for damages against Defendant police officer, ARROJAS, allowable under law, and a jury trial as to all issues so triable as of right.

**COUNT VI**

**BATTERY CLAIM AGAINST
OFFICER GABRIEL CASCO**

55.   The facts and allegations stated above in paragraphs 1 through 26 are hereby realleged and incorporated herewith by reference as fully set forth herein.

56.   On or about May 11, 2003, Defendant police officer, CASCO intentionally, without any justification, unlawfully struck, beat, and physically attacked LEANNA COOPER.

57.   As a direct and proximate result of the battery of Defendant police officer CASCO, LEANNA COOPER suffered severe personal injuries, bruising, a ruptured left globe and a corneal laceration to her left eye.  Further, LEANNA COOPER lost the capacity for the enjoyment of life, suffered physical pain and extreme mental anguish, became weak and incapacitated and incurred medical expenses which she paid or was obligated to pay.

WHEREFORE, Plaintiff, LEANNA COOPER, demands judgment for damages against Defendant police officer CASCO, allowable under law, and a jury trial as to all issues so triable as of right.

20

## COUNT VII

### BATTERY CLAIM AGAINST
### OFFICER RAMIRO DELNODAL

58.    The facts and allegations stated above in paragraphs 1 through 26 are hereby realleged and incorporated herewith by reference as fully set forth herein.

59.    On or about May 11, 2003, Defendant police officer, DELNODAL intentionally, without any justification, unlawfully struck, beat, and physically attacked LEANNA COOPER.

60.    As a direct and proximate result of the battery of Defendant police officer, DELNODAL, LEANNA COOPER suffered severe personal injuries, bruising, a ruptured left globe and a corneal laceration to her left eye.  Further, LEANNA COOPER lost the capacity for the enjoyment of life, suffered physical pain and extreme mental anguish, became weak and incapacitated and incurred medical expenses which she paid or was obligated to pay.

    WHEREFORE, Plaintiff, LEANNA COOPER, demands judgment for damages against Defendant police officer, DELNODAL, allowable under law, and a jury trial as to all issues so triable as of right.

### COUNT VIII

### BATTERY CLAIM AGAINST
### OFFICER RICARDO FERNANDEZ

61.    The facts and allegations stated above in paragraphs 1 through 26 are hereby reallaged and incorporated herewith by reference as fully set forth herein.

62.    On or about May 11, 2003, Defendant police officer, FERNANDEZ, intentionally, without any justification, unlawfully struck, beat, and physically attacked LEANNA

FREIDIN & DOBRINSKY, P.A., *One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131, Phone: 305.371.3666, Fax: 305.371.6725*

COOPER.

63.    As a direct and proximate result of the battery of Defendant police officer, FERNANDEZ, LEANNA COOPER suffered severe personal injuries, bruising, a ruptured left globe and a corneal laceration to her left eye.  Further, LEANNA COOPER lost the capacity for the enjoyment of life, suffered physical pain and extreme mental anguish, became weak and incapacitated and incurred medical expenses which she paid or was obligated to pay.

WHEREFORE, Plaintiff, LEANNA COOPER, demands judgment for damages against Defendant Police Officer, FERNANDEZ allowable under law, and a jury trial as to all issues so triable as of right.

**COUNT IX**

**BATTERY CLAIM AGAINST
OFFICER ANNETTE QUINTANA**

64.    The facts and allegations stated above in paragraphs 1 through 26 are hereby reallaged and incorporated herewith by reference as fully set forth herein.

65.    On or about May 11, 2003, Defendant police officer, QUINTANA, intentionally, without any justification, unlawfully struck, beat, and physically attacked LEANNA COOPER.

66.    As a direct and proximate result of the battery of Defendant police officer, QUINTANA, LEANNA COOPER suffered severe personal injuries, bruising, a ruptured left globe and a corneal laceration to her left eye.  Further, LEANNA COOPER lost the capacity for the

22

enjoyment of life, suffered physical pain and extreme mental anguish, became weak and

incapacitated and incurred medical expenses which she paid or was obligated to pay.

WHEREFORE, Plaintiff, LEANNA COOPER, demands judgment for damages

against Defendant police officer, QUINTANA, allowable under law, and a jury trial as

to all issues so triable as of right.

## COUNT X

### BATTERY CLAIM AGAINST
### OFFICER LUIS SALAS

67.    The facts and allegations stated above in paragraphs 1 through 26 are hereby realleged

and incorporated herewith by reference as fully set forth herein.

68.    On or about May 11, 2003, Defendant police officer, SALAS, intentionally,

without any justification, unlawfully struck, beat, and physically attacked LEANNA

COOPER.

69.    As a direct and proximate result of the battery of Defendant police officer, SALAS,

LEANNA COOPER suffered severe personal injuries, bruising, a ruptured left

globe and a corneal laceration to her left eye.  Further, LEANNA COOPER lost the

capacity for the enjoyment of life, suffered physical pain and extreme mental anguish,

became weak and incapacitated and incurred medical expenses which she paid or was

obligated to pay.

WHEREFORE, Plaintiff, LEANNA COOPER, demands judgment for damages

against Defendant police officer, SALAS, allowable under law, and a jury trial as to all

FREIDIN & DOBRINSKY, P.A., One Biscayne Tower, Suite 3100, 2 South Biscayne Blvd., Miami, FL 33131, Phone: 305.371.3666, Fax: 305.371.6725

issues so triable as of right.

Dated this _19th_ day of December, 2005.

                                        FREIDIN • DOBRINSKY
                                        Attorneys for Plaintiff
                                        Suite 3100, One Biscayne Tower Building
                                        2 South Biscayne Boulevard
                                        Miami, Florida 33131
                                        Telephone: (305) 371-3666
                                        Facsimile: (305) 371-6725

                                        By:_____
                                          T. OMAR MALONE
                                          FBN 697796

24